Dear Mayor Foster:
This office is in receipt of your opinion request of recent date wherein you ask the following three questions: (1) What does the language "presence of counsel" mean in terms of the level of participation of an officer's counsel, (2) What limitations, if any, can a department impose on counsel for the officer under investigation concerning his right to call witnesses to testify on behalf of the officer under investigation, and (3) Does the counsel for the officer under investigation have the right to be present when the department interviews the witnesses called by counsel?
Our response to the first question is governed by the provisions of Mode and Order of Interrogation and Presentation, LSA-C.E. Art. 611. Therein note that the same rules for counsel of a client apply in the interrogation of an officer.
You specifically wanted to know if the officer's counsel has the right to ask questions or raise objections during the interrogation. The officer's counsel has only one available function during the interrogation. He may advise his client. Counsel may not ask questions or raise objections. You also wanted to know to what degree counsel might confer with his client. Counsel for the officer may confer with his client to whatever degree he deems necessary. No limitations may be placed on actions between counsel and client.
Our response to the second question is governed by the provisions of Applicability; Minimum Standards During Investigation, LSA-R.S.40:2531(B)(6). Therein note that no limits are placed on the process of calling witnesses. It states in pertinent part:
 (6) The counsel called by the law enforcement officer under investigation may call witnesses to testify on his behalf.
Specifically you asked if the Department could refuse to allow immaterial, cumulative, irrelevant, or other testimony deemed to be inappropriate by the department. All of these things are left to the discretion of the judge. In this case since there is no judge then the department cannot control the testimony to this extent. All the specifics of standards to be applied that you asked about are necessary in jury trials. The setting of a law enforcement interrogation does not require such depth.
Our response to the third question is governed by the provisions of Mode and Order of Interrogation and Presentation, LSA-C.E. Art. 611. Therein note that the same rules for counsel of a client apply in the interrogation of an officer.
Specifically you asked if the counsel for the officer has the right to be present when the department interviews the witnesses called by counsel. Counsel for the officer only has the right to be present when his client is being questioned. He has no right to be present while the department interviews witnesses because he is not representing those witnesses. You then asked if the department could require counsel to designate witnesses in advance of their testimony and if the department could require that the witnesses be interviewed by the department prior to their testimony. Again all of these things are left to the discretion of the judge. In this case since there is no judge then the department cannot control the testimony to this extent. All the specifics of standards to be applied that you asked about are necessary in jury trials. The setting of a law enforcement interrogation does not require such depth.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ ARTHUR SCHAFER ASSISTANT ATTORNEY GENERAL
AS/et/jy
Date Released: July 31, 2003